**Commonwealth v. Perez**

C.P. of Berks County, no. 3304-08.

*Melissa J. Noyes, assistant district attorney,* for the Commonwealth.

*Christopher M. Brett, assistant public defender,* for defendant.

LIEBERMAN, *J.*, November 18, 2009—On May 27, 2008, John Thomas was in his home at 318 North Fifth Street in the City of Reading, Berks County, Pennsylvania, when he noticed a truck idling outside. A passenger seated in the truck was throwing pieces of food and trash onto the sidewalk in front of Mr. Thomas' house. Mr. Thomas asked the man to stop littering, and after receiving no response, went outside with his camera to photograph the vehicle. Mr. Thomas took one picture of the side of the truck, and then walked around to take a picture of the license plate. At this point, the defendant got out of the driver's seat and demanded that Mr. Thomas hand over his camera. When Mr. Thomas failed to comply, the defendant retrieved a black baseball bat from behind the driver's seat, held it aggressively over his shoulder, and kept repeating, "Give me the camera." After Mr. Thomas tossed his camera over a fence and onto his front porch,

the defendant struck him on his left knee with the bat. When asked to describe the defendant's swing, Mr. Thomas stated, "He was looking for a home run. He was definitely looking to injure me, I believe." (N.T. trial at 8-15.)

Following a June 5, 2009 bench trial, the defendant was convicted of aggravated assault[1] and related offenses. He was subsequently sentenced to term of 21 months to seven years of incarceration in a state correctional facility. On August 25, 2009, the defendant was granted leave to file post-sentence motions nunc pro tunc. Those motions were denied on August 27, 2009. Then, on or about September 10, 2009, the defendant filed his notice of appeal to the Pennsylvania Superior Court. On September 14, 2009, this court directed the defendant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The defendant complied with this court's order on September 30, 2009. In his appeal, the defendant alleges the following errors:

"(1) The guilty verdict for aggravated assault was contrary to the weight of the evidence presented at trial in that the testimony given failed to show the required level of serious bodily injury for the offense;

"(2) The Commonwealth offered insufficient evidence to sustain a guilty verdict for aggravated assault in that it failed to show beyond a reasonable doubt that defendant attempted to cause serious bodily harm or serious bodily harm resulted from defendant's actions. (Concise statement of errors complained of on appeal, 9/30/09.)

---

1. 18 Pa.C.S. §2702(a)(4).

## WEIGHT OF THE EVIDENCE

The defendant first argues that the verdict was contrary to the weight of the evidence because "the evidence failed to show the required level of serious bodily injury for the offense." We initially note that the Commonwealth was not required to prove serious bodily injury under 18 Pa.C.S. §2702(a)(4). Due to the fact the defendant used a deadly weapon, the standard under this particular subsection of the aggravated assault statute is simply "bodily injury." That being said, "a motion for new trial on [the] grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict, but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Davis,* 799 A.2d 860, 865 (Pa. Super. 2002). A true "weight of the evidence" claim therefore alleges that the verdict is a product of speculation or conjecture. *Commonwealth v. Dougherty,* 451 Pa. Super. 248, 259, 679 A.2d 779, 785 (1996). "Such a claim requires a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice." *Id.*

It is the exclusive role of the finder of fact to determine the proper weight to assign to the evidence. The finder of fact is free to believe all, part, or none of the evidence, and is also responsible for determining the credibility of the witnesses. *Commonwealth v. McCloskey,* 835 A.2d 801, 809 (Pa. Super. 2003). "An appellate court cannot substitute its judgment for that of the finder of fact." *Id.* "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its

discretion in ruling on the weight claim." *Id.* "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is the result of partiality, prejudice, bias, or ill will." *Commonwealth v. Forbes,* 867 A.2d 1268, 1273 (Pa. Super. 2005). Not surprisingly, a trial court's exercise of discretion in finding that a verdict is or is not against the weight of the evidence is "one of the least assailable reasons for granting … a new trial." *Id.*

In the instant case, the victim testified that the defendant hit him on the knee with a full-sized baseball bat. The defendant testified that the bat in question was a souvenir baseball bat that was approximately one inch in diameter, and that he was acting in self-defense. (N.T. at 73-74.) Because this was a bench trial, and the court was acting as finder of fact, it is not necessary to speculate as to what the jurors may have been thinking about during their deliberations. This court found the Commonwealth's witness to be extremely credible, and found the defendant's version of the events fanciful. There was nothing shocking about the verdict. Furthermore, the denial of the defendant's post-sentence motion was not manifestly unreasonable, was not the result of misapplication of the law, and was not the result of partiality, prejudice, bias, or ill will. Therefore, the defendant's first allegation of error is without merit.

## SUFFICIENCY OF THE EVIDENCE

The defendant's second argument is that the evidence was not sufficient to prove that he attempted to cause or

caused serious bodily injury. Once again, because the defendant was charged under subsection (a)(4) of the aggravated assault statute, the Commonwealth was not required to prove serious bodily injury. Furthermore, the standard of review is well-settled. Sufficiency of the evidence claims are questions of law. *Commonwealth v. Widmer,* 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). "Evidence will be deemed sufficient to support the verdict where it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.* When reviewing a sufficiency claim, an appellate court must view the evidence in the light most favorable to the verdict winner. *Id.* The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *Commonwealth v. Lewis,* 911 A.2d 558, 563 (Pa. Super. 2006). Furthermore, "[a]ny doubts regarding an appellant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.*

Pursuant to the Crimes Code, a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S. §2702(a)(4). Bodily injury is defined by the Crimes Code as "impairment of physical condition or substantial pain." 18 Pa.C.S. §2301. The evidence, as detailed above, was clearly sufficient in this case to establish each material element of the crime charged beyond a reasonable doubt. Therefore, this claim must also fail.

For the aforementioned reasons, we respectfully request that the defendant's appeal be denied.