J-S74006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHEEN BROWN, | |
| Appellant | No. 2404 EDA 2013 |

Appeal from the Judgment of Sentence Entered April 30, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011871-2010

BEFORE:  BENDER, P.J.E., DONOHUE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED DECEMBER 31, 2014**

Appellant, Rasheen Brown, appeals *nunc pro tunc* from the April 30, 2012 judgment of sentence of time-served to 23 months' incarceration, followed by 5 years' probation, imposed after he was convicted of indecent assault (of a victim less than 13 years of age) and endangering the welfare of children.  We affirm.

In September of 2011, a jury convicted Appellant of the above-stated offenses based on evidence that he sexually abused his 11-year-old stepdaughter.  Appellant was initially sentenced to 6 to 14 months' incarceration, but the court later granted his motion for reconsideration and resentenced him to a term of time-served to 23 months' incarceration (with

_____

[*] Retired Senior Judge assigned to the Superior Court.

immediate parole to house arrest), followed by 5 years' probation. Appellant did not file a direct appeal.

However, Appellant subsequently filed a petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his direct appeal rights. The PCRA court granted that petition and Appellant filed a timely notice of appeal *nunc pro tunc*. On September 6, 2013, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed an untimely Rule 1925(b) statement on September 30, 2013.[1] On appeal, he presents one question for our review: "Did the trial court fail to correctly charge the jury as to count four…, Indecent Assault of a Person Less than Thirteen Years of Age, 18 Pa.C.S.A. § 3126(a)(7) and, if

---

[1] Because the trial court issued a Rule 1925(a) opinion adequately addressing the issue raised by Appellant herein, the untimeliness of Appellant's concise statement does not necessitate remand under Rule 1925(c)(3). **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge."); **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that despite the mandate of Rule 1925(c)(3), "if there has been an untimely filing [of a Rule 1925(b) statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare a decision addressing the issues being raised on appeal").

so, should this Honorable Court vacate … Appellant's conviction and vacate the judgment of sentence?" Appellant's Brief at 4.

Appellant argues that the trial court erroneously instructed the jury regarding the offense of indecent assault because "the trial court failed at any time to define 'indecent contact,' one of the two elements of this offense." Appellant's Brief at 8. In its Rule 1925(a) opinion, the trial court deemed Appellant's challenge to the jury instruction waived because Appellant failed to object to the at-issue instruction during trial. Trial Court Opinion, 12/18/13, at 5.

The record confirms that Appellant did not object when the court instructed the jury regarding the offense of indecent assault, **see** N.T. Trial 9/21/11, at 241-242, before the jury retired to deliberate, **see id.** at 253, or when – at the jury's request – the court reiterated its instruction regarding the offense of indecent assault on the second day of deliberations, **see** N.T. Trial, 9/22/11, at 7-8. Because Appellant did not object to the jury instruction, we agree with the trial court that he has waived his challenge to that instruction on appeal. Pa.R.Crim.P. 647(B) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."); **See also Commonwealth v. Forbes**, 867 A.2d 1268, 1274 (Pa. Super. 2005) (finding the appellant waived his challenge to the court's instruction on the elements of burglary where he did not object to that charge) (citing **Commonwealth v. McCloskey**, 835 A.2d 801, 812 (Pa. Super. 2003)

(holding that a specific and timely objection must be made to preserve a challenge to a particular instruction; failure to object results in waiver)).

We note that Appellant essentially concedes that his trial counsel failed to object to the at-issue jury instruction. **See** Appellant's Brief at 8-9. He argues, however, that counsel's failure in this regard amounts to ineffective representation that "merits reversal." **Id.** at 9. Appellant did not raise this argument before the trial court; therefore, it is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Additionally, we would also decline to review this ineffectiveness claim because this is Appellant's direct appeal. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA. **Holmes**, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. **See id.** at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Accordingly, Appellant must raise his challenge to trial counsel's failure to object to the jury instruction in a timely-filed PCRA petition.

- 4 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/2014