J-S30041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :     IN THE SUPERIOR COURT OF
                                                      :            PENNSYLVANIA

           v.                             :

                                                         :

LEONARDO J. MOJICA-CARRION,  : 

                                                         :

           Appellant  :            No. 1197 MDA 2016

Appeal from the Judgment of Sentence August 22, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No(s):  CP-06-CR-0005210-2013

BEFORE:  SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED JUNE 16, 2017**

Leonardo J. Mojica-Carrion ("Mojica-Carrion") appeals, *nunc pro tunc*, from the judgment of sentence entered following his conviction of one count each of first-degree murder, aggravated assault, robbery, firearms not to be carried without a license, and three counts of criminal conspiracy.[1]  We affirm.

The trial court concisely summarized the testimony underlying Mojica-Carrion's conviction as follows:

> Estiben Manso [("Manso")] testified that he ran into [Mojica-Carrion,] at a corner store[,] at approximately 8:15 or 8:20 P.M. on September 20, 2013.  [Mojica-Carrion] told [] Manso that he had a gun that he had not used yet[, and] that he wanted to use to get some money to pay his rent.  [] Manso agreed to help [Mojica-Carrion], and met [Mojica-Carrion] at [Mojica-Carrion's] house at approximately 9:00 P.M.  [Mojica-Carrion] and [] Manso walked toward a bar called La Rienda.  Then, according to [] Manso, they saw a man exit the bar[,] who was talking on a phone[,] and decided to follow him.  Eventually,

---

[1] ***See*** 18 Pa.C.S.A. §§ 2502(a), 2702, 3701, 6106, 903.

[Mojica-Carrion] approached the victim, and after getting the victim's attention, shot the victim when he attempted to run away.

Trial Court Opinion, 11/3/16, at 3-4.

A jury convicted Mojica-Carrion of the above-described charges. Subsequently, the trial court sentenced Mojica-Carrion to life in prison for his conviction of first-degree murder. For his conviction of robbery, the trial court sentenced Mojica-Carrion to a consecutive prison term of 7 to 20 years. For his conviction of conspiracy, the trial court imposed a consecutive prison term of 5½ to 20 years. Finally, for his conviction of firearms not to be carried without a license, the trial court sentenced Mojica-Carrion to a consecutive prison term of 2 to 7 years. Thus, in addition to life in prison, the trial court sentenced Mojica-Carrion to an additional aggregate prison term of 14½ -47 years in prison.

Mojica-Carrion filed untimely Post-Sentence Motions, and thereafter, a Notice of Appeal. This Court quashed Mojica-Carrion's appeal as untimely filed. *See Commonwealth v. Mojica-Carrion*, 1672 MDA 2014 (Pa. Super. filed March 30, 2015) (Order). Mojica-Carrion filed a Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[2] The PCRA court granted Mojica-Carrion's Petition, and reinstated Mojica-Carrion's right to file post-sentence motions and a notice of appeal, *nunc pro tunc*. Mojica-Carrion subsequently filed Post-Sentence Motions, which the trial court

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

denied. Thereafter, Mojica-Carrion timely filed the instant appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Mojica-Carrion presents the following claims for our review:

A. Whether the trial court erred in denying [Mojica-Carrion's] Post[-]Sentence Motion challenging the weight of the evidence where (a) the only eyewitness to the alleged shooting, [] Manso, was an admitted liar[;] and (b) where [] Manso's testimony was purely self-serving and the product of the preferential treatment provided by the prosecution?

B. Whether the trial court erred in denying [Mojica-Carrion's] Post[-]Sentence Motion seeking to modify the imposition of consecutive sentences?

Brief for Appellant at 5 (some capitalization omitted).

Mojica-Carrion first claims that the trial court abused its discretion when it denied his Post-Sentence Motion challenging the verdict as against the weight of the evidence. *Id.* at 12. Mojica-Carrion asserts that "[t]he central issue in this case revolved around the credibility of the Commonwealth witness, co-defendant, and admitted liar—[] Manso." *Id.* at 14. According to Mojica-Carrion, Manso's testimony was not credible, "because of the motives and machinations behind it." *Id.* Mojica-Carrion argues that the trial court improperly ignored Manso's repeated trial testimony about lying to police. *Id.* Further, Mojica-Carrion argues that Manso only changed his story when he became aware that police officers had video surveillance of the co-defendants together. *Id.* Mojica-Carrion insists that Manso's testimony is "so evasive and so full of lies that nothing

he said can be believed." *Id.* at 15. Mojica-Carrion refers to other alleged lies by Manso. *See id.* at 15-16. Mojica-Carrion also points out that Manso knew he was facing an adult charge of murder, and testified at trial so that the Commonwealth would prosecute him in juvenile court. *Id.* at 16.

In its Opinion, the trial court addressed Mojica-Carrion's challenge to the verdict as against the weight of the evidence, and concluded that it lacks merit. *See* Trial Court Opinion, 11/3/16, at 2-4. We agree with the sound reasoning of the trial court, and discern no abuse of discretion or error of law. *See id.* Accordingly, we affirm on the basis of the trial court's Opinion with regard to this claim. *See id.*

In his second claim, Mojica-Carrion challenges the discretionary aspects of his sentence. Brief for Appellant at 18. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine

> (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Mojica-Carrion was permitted to file this appeal *nunc pro tunc*. Mojica-Carrion preserved his claim by means of his Post-Sentence Motion.

Mojica-Carrion has complied with Pa.R.A.P. 2119(f), by including in his appellate brief a Statement of reasons relied upon for allowance of appeal. Accordingly, we proceed to address whether Mojica-Carrion has presented a substantial question.

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012).

> To make it clear, a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (emphasis omitted).

Here, Mojica-Carrion argues that the trial court imposed unduly punitive and "unfairly excessive" sentences, by imposing his sentences for robbery, aggravated assault and conspiracy consecutively to his sentence for first-degree murder. Brief for Appellant at 19. In support, Mojica-Carrion

points out that he had no prior record; he was in his early twenties at sentencing; and is facing potentially "three-quarters of a century of incarceration until he passes away in prison." *Id.* at 18-19. Mojica-Carrion contends that these sentences were "wholly unnecessary and punitive." *Id.* Basically, Mojica-Carrion argues that by imposing consecutive sentences, where one sentence is for life in prison, the trial court abused its discretion, and imposed a manifestly excessive sentence. *Id.* at 20. We conclude that Mojica-Carrion has raised a substantial question. *See Dodge*, 77 A.3d 1270 (recognizing that a "critical distinction [exists] between a bald excessiveness claim based on imposition of consecutive sentences and an argument that articulates reasons why consecutive sentences in a particular case are unreasonable.").

In its Opinion, the trial court addressed Mojica-Carrion's claim and concluded that it lacks merit. *See* Trial Court Opinion, 11/3/16, at 4-6. We agree with the sound reasoning of the trial court, as expressed in its Opinion, and affirm on this basis with regard to Mojica-Carrion's sentencing challenge. *See id.* Accordingly, we affirm Mojica-Carrion's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017

COMMONWEALTH OF PENNSYLVANIA:   IN THE COURT OF COMMON PLEAS

                                    :   OF BERKS COUNTY, PENNSYLVANIA

                                    :   CRIMINAL DIVISION

           VS.                   :

                                    :   No. 5210-13

                                    :

LEONARDO MOJICA-CARRION       :   LIEBERMAN, S.J.

Alisa Hobart, Esquire, Assistant District Attorney,
    Attorney for the Commonwealth

Lara Glenn Hoffert, Esquire,
    Attorney for the Defendant

## MEMORANDUM OPINION, LIEBERMAN, S.B. SENIOR JUDGE, November 3, 2016

On August 21, 2014, following a jury trial, the Defendant was convicted of murder of the first degree[1] and related offenses. Subsequently, on August 22, 2014, he was sentenced to life imprisonment, plus fourteen and one-half to forty-seven years of incarceration. On October 3, 2014, the Defendant filed a notice of appeal to the Pennsylvania Superior Court, which was ultimately quashed as untimely. On or about April 30, 2015, the Defendant filed a timely *pro se* PCRA petition. On May 21, 2015, counsel was appointed to represent the Defendant. On April 11, 2016, counsel for the Defendant filed an Amended Petition for Relief Under the Post Conviction Relief Act. This court directed the Commonwealth to file a response, and on May 23, 2016, the Commonwealth filed an Answer in which it agreed that the Defendant's direct appellate rights should be reinstated, *nunc pro tunc*.

---

[1] 18 Pa.C.S.A. § 2502(a)

1

On June 6, 2016, this court granted the Defendant's Amended Post Conviction Relief Act Petition and reinstated his right to file Post Sentence Motions and a direct appeal. On or about June 16, 2016, the Defendant filed Post Sentence Motions for Relief, which were subsequently denied. Then, on July 19, 2016, the Defendant filed a timely notice of appeal. This court directed the Defendant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and the Defendant complied with this court's Order on August 18, 2016. In his appeal, the Defendant alleges the following errors:

1. Whether the Trial Court erred in denying Appellant's Post Sentence Motion challenging the weight of the evidence where (a) the only eyewitness to the alleged shooting, Estiben Manso, was an admitted liar, and (b) where Mr. Mano's [sic] testimony was purely self-serving and the product of the preferential treatment provided by the prosecution?

2. Whether the Trial Court erred in denying Appellant's Post Sentence Motion seeking to modify the imposition of consecutive sentences?

(Concise Statement of Errors Complained of on Appeal, 8/18/16).

## WEIGHT OF THE EVIDENCE

The Defendant's first argument is that the verdict was against the weight of the evidence because Estiben Manso was an "admitted liar" whose testimony was "self-serving and the product of the preferential treatment provided by the prosecution." "A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict, but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Davis*, 799 A.2d 860, 865 (Pa. Super. 2002). A true "weight of the evidence" claim

2

therefore alleges that the verdict is a product of speculation or conjecture. *Commonwealth v. Dougherty*, 451 Pa. Super. 248, 249, 679 A.2d 779, 785 (Pa. Super. 1996). "Such a claim requires a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice." *Id.*

It is the exclusive role of the finder of fact to determine the proper weight to assign to the evidence. The finder of fact is free to believe all, part, or none of the evidence, and is also responsible for determining the credibility of the witnesses. *Commonwealth v. McCloskey*, 835 A.2d 801, 809 (Pa. Super. 2003). "An appellate court cannot substitute its judgment for that of the finder of fact." *Id.* "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Id.* "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is the result of partiality, prejudice, bias, or ill will." *Commonwealth v. Forbes*, 867 A.2d 1268, 1273 (Pa. Super. 2005). Not surprisingly, a trial court's exercise of discretion in finding that a verdict is or is not against the weight of the evidence is "one of the least assailable reasons for granting a new trial." *Id.*

In the instant case, Estiben Manso testified that he ran into the Defendant at a corner store at approximately 8:15 or 8:20 P.M. on September 20, 2013. (N.T. Trial at 349). The Defendant told Mr. Manso that he had a gun that he had not used yet that he

3

wanted to use to get some money to pay his rent. (N.T. at 350). Mr. Manso agreed to help the Defendant, and met the Defendant at Defendant's house at approximately 9:00 P.M. (N.T. at 350-52). The Defendant and Mr. Manso walked toward a bar called La Rienda. (N.T. at 358). Then, according to Mr. Manso, they saw a man exit the bar who was talking on a phone and decided to follow him. (N.T. at 359). Eventually, the Defendant approached the victim, and after getting the victim's attention, shot the victim when he attempted to run away. (N.T. at 363-66).

Given the fact that Mr. Manso's testimony was supported by extensive surveillance footage and that the murder weapon was found behind a box of mashed potatoes in the Defendant's pantry (N.T. at 335), the verdict in this trial was hardly shocking. Furthermore, the denial of the Defendant's post-sentence motion was not manifestly unreasonable, was not the result of misapplication of the law, and was not the result of partiality, prejudice, bias, or ill will. Therefore, this issue is without merit.

## SENTENCING

The Defendant's second argument is that this court erred in denying his Post Sentence Motion seeking to modify the imposition of consecutive sentences. "Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Walls*, 592 Pa. 557, 564, 926 A.2d 957, 961 (Pa. 2007). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Id.* "The rationale behind such broad discretion

4

and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id.* at 565, 961. Furthermore, "the general rule in Pennsylvania is that in imposing a sentence, the court has the discretion to determine whether to make it concurrent with or consecutive with other sentences then being imposed." *Commonwealth v. Graham*, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (Pa. 1995).

42 Pa.C.S.A. § 9721(b), which governs the standard to be applied at sentencing, provides that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." In the instant case, after thoroughly considering a pre-sentence investigation report, the sentencing guidelines, and other factors of record, this court sentenced the Defendant to a term of incarceration that it believes best complies with the aforementioned principle.

As was stated at the time of sentencing, this particular Defendant is one of the most dangerous people that this court has seen in well more than thirty years of the practice of law, including more than twenty years as a judge. The Defendant chose an innocent, random stranger on the street as his victim, and killed him without compassion or concern for simply attempting to run away. The Defendant showed absolutely no remorse, and accepted no responsibility in spite of the overwhelming evidence of his guilt that was presented. Accordingly, to send a message that the

5

Defendant should never have his sentence commuted or pardoned, this court determined that a sentence consecutive to a sentence of life imprisonment without the possibility of parole was necessary. There was no abuse of discretion.

For the aforementioned reasons, we respectfully request that the Defendant's appeal be denied.