J-S39003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BENTLEY JAMES STANTON | |
| Appellant | No. 206 MDA 2018 |

Appeal from the Judgment of Sentence imposed August 28, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0001326-2016

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 18, 2018**

Appellant, Bentley James Stanton, appeals from the judgment of sentence the Court of Common Pleas of Centre County imposed on August 28, 2017.  Appellant argues the trial court abused its discretion in denying his weight of the evidence challenge.  We disagree.  Accordingly, we affirm.

The trial court summarized the relevant facts as follows:

This case involves an incident that occurred on May 25, 2016 at Circleville Park in State College, Pennsylvania.  [Appellant] Bentley Stanton, his wife Samantha Stanton, and co-worker Josh Parris, were playing frisbee golf at the park on that date.  Paul Kaminski (hereinafter "victim") was also at the park, test-flying a new drone he had recently purchased.  Apparently believing [victim] had been sexually assaulting Samantha Stanton by following her through the park with the drone, the Stantons and Parris approached and confronted [victim], physically assaulting him.  The group pursued [victim] through the park as he tried to escape the assault.  It was not until the arrival and intervention of a third party good Samaritan that victim was able to escape to his vehicle.  The police were called to the scene and interviewed

all participants. [Victim] suffered physical injuries as a result of the incident and his drone was destroyed.

Trial Court Opinion, 1/3/18, at 2.

As a result, Appellant was charged with simple assault, recklessly endangering another person, disorderly conduct, and summary harassment. On July 7, 2017, following a jury trial, the jury convicted Appellant of simple assault, and acquitted him of the endangering another person and disorderly conduct charges. The trial court found Appellant guilty of the summary harassment charge.

On August 28, 2017, the trial court sentenced Appellant to 24 months' probation on the simple assault conviction, and 90 days' probation on the summary offense to run concurrently with the other sentence.

On September 7, 2017, Appellant filed a post-sentence motion alleging that the guilty verdict on the simple assault conviction was against the weight of the evidence. After holding a hearing, the trial court denied Appellant's motion. This appeal followed.

On appeal, Appellant argues that the trial court abused its discretion in disregarding his own and his co-defendant's testimony as establishing Appellant did not assault victim, "particularly in light of how other Commonwealth witnesses corroborated their testimony that [co-defendant] was the only one who attacked the victim." Appellant's Brief at 13.

In **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000), our Supreme Court explained:

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id.* at 751-52 (internal citations and quotation marks omitted).

On review, an appellate court does not substitute its judgment for that of the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination. *Id.* at 753.

Appellant argues that he "only slightly shoved" the victim, and, as noted above, that the trial court abused its discretion in not granting his weight of the evidence motion, given that other witnesses corroborated his version of the assault. Appellant's Brief at 13. The trial court, in denying the challenge, noted, *inter alia*, that Appellant failed to acknowledge that the victim clearly identified him as one of the assailants, that another witness saw Appellant "throwing punches" at the victim, and that Appellant admitted to the police his "involvement" in the assault of the victim "feeling justified because he believed [victim] was sexually harassing [Appellant's wife] with a drone." Trial Court Opinion, 1/3/18, at 3-4. Finally, the trial court properly noted that to

the extent there were inconsistencies among the witnesses, it was the jury's role to resolve those inconsistencies. *Id.* In this case, the jury resolved the inconsistencies giving credit to the testimony of those who identified Appellant as one of the assailants. *Id.* at 4. Accordingly, the trial court denied Appellant's motion for relief. *Id.*

Upon review of the facts of the case, the applicable law, and the trial court opinion, we discern no error in the trial court's exercise of discretion in denying Appellant's challenge, and we affirm the judgment of sentence based on the trial court's well-reasoned January 3, 2018 opinion. We further direct that a copy of the trial court's opinion of January 3, 2018 be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/18/2018

- 4 -



0000W484    CCGPRO 201710

**IN THE COURT OF COMMON PLEAS, CENTRE COUNTY, PENNSYLVANIA**
**CRIMINAL ACTION- LAW**

COMMONWEALTH OF PENNSYLVANIA,    :
                                 :
                    v.           :    2016-1326
                                 :
BENTLEY STANTON                  :

*Attorney for the Commonwealth:*    *Michael Osterburg, Esq.*
*Attorney for the Defendant:*       *Daniel McKenrick, Esq.*

Oliver, J.

### OPINION & ORDER

Presently before the Court is Defendant Bentley Stanton's Post-Sentence Motion filed on September 7, 2017. For the reasons that follow, Defendant's Motion is denied.

### Procedural Background

Bentley Stanton (Defendant) was charged with simple assault (Count 1), recklessly endangering another person (Count 2), disorderly conduct (Count 3), and summary harassment (Count 4) on June 30, 2016 based on events that occurred on May 25, 2016 at Circleville Park in State College, Pennsylvania. Following a one-day jury trial on July 7, 2017, the jury returned a guilty verdict against Defendant on the simple assault charge at Count 1, and not guilty verdicts on the charges of recklessly endangering another person and disorderly conduct. The Court found Defendant guilty on the summary harassment charge.

Defendant was sentenced on August 28, 2017 after completion of a pre-sentence investigation. On the simple assault charge, the Court imposed a sentence of probation for a period of twenty-four (24) months. Defendant was also ordered, *inter alia*, to make restitution, devote two days to community service, and to attend and complete the Centre County Education



and Resistance Training Program, ("CCERT"), as part of his sentence on the simple assault charge. On the summary harassment charge, the Court imposed a sentence of ninety (90) days probation to run concurrent with the simple assault sentence, with similar conditions as those imposed at Count 1.

Defendant filed a Post-Sentence Motion on September 7, 2017. A briefing schedule was entered, and both Defendant and the Commonwealth filed timely briefs. A hearing was held on Defendant's Post-Sentence Motion on October 24, 2017.

## Brief Factual Background

This case involves an incident that occurred on May 25, 2016 at Circleville Park in State College, Pennsylvania. Defendant Bentley Stanton, his wife, Samantha Stanton, and co-worker, Josh Parris, were playing frisbee golf at the park on that date. Paul Kaminski was also at the park, test-flying a new drone he had recently purchased. Apparently believing Mr. Kaminski had been sexually assaulting Samantha Stanton by following her through the park with the drone, the Stantons and Parris approached and confronted Mr. Kaminski, physically assaulting him. The group pursued Mr. Kaminski through the park as he tried to escape the assault. It was not until the arrival and intervention of a third party good Samaritan that Mr. Kaminski was able to escape to his vehicle. The police were called to the scene and interviewed all participants. Mr. Kaminski suffered physical injuries as a result of the incident and his drone was destroyed.

## Discussion

Defendant's sole basis for post-trial relief is his assertion under Rule 607 of the Pennsylvania Rules of Criminal Procedure that the guilty verdict on the simple assault charge at Count 1 was against the weight of the evidence. A challenge to the weight of the evidence requires inquiry into whether, "'notwithstanding all the facts, certain facts are so clearly of greater weight that to

2

ignore them or to give them equal weight with all the facts is to deny justice.'" *Commonwealth v. Richard*, 150 A.3d 516-17 (Pa. Super. 2016) (quoting *Commonwealth v. Clay*, 64 A.2d 1049, 1055 (Pa. 2013)). In considering a weight of the evidence challenge, the Court must determine whether the jury's verdict is so contrary to the evidence as to "shock one's sense of justice" and dictate that a new trial be granted in order that "right may be given another opportunity to prevail." *Id.*

In evaluating a weight of the evidence challenge, the Court must adhere to the fundamental principle that determinations of witness credibility are within the sole discretion of the jury as fact finder; a trial judge may not grant a new trial based on mere conflicts in testimony or because the judge would have decided differently. *Commonwealth v. Vandivner*, 962 A.2d 1170, 1178 (Pa. 2009), *cert. denied*, 559 U.S. 1038 (2010). Furthermore, a jury is "free to believe all, part, or none of the evidence." *Commonwealth v. Forbes*, 867 A.2d 1268, 1272-73 (Pa. Super. 2005). The court may not sit as a "thirteenth juror" in deciding a motion for new trial based on a weight of the evidence challenge. *Commonwealth v. Hunter*, 768 A.2d 1136, 1143 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2001).

Defendant in the case at bar argues that no reasonable juror could determine precisely what occurred during the assault on Mr. Kaminski because all of the Commonwealth witnesses testified to their own "variation" of what happened. (Def. Br. Supp. Post-Sent. Mot., at 1-2). Defendant's argument in this vein fails to account for the fact that each of the witnesses brought his or her own perspective and vantage point, and that it is the role of the jury to determine whether or not the testimony can or should be reconciled. In pointing to his own testimony and that of his wife as establishing that he did not at any time punch or swing at Mr. Kaminski, Defendant also ignores the fundamental precept that the jury is free to believe all, part or none of

3

the evidence presented, and to determine the weight, if any, to give the evidence. (*See Commonwealth v. Vandivner* and *Commonwealth v. Forbes, supra.*).

Moreover, Defendant's argument does not even acknowledge the testimony of victim Paul Kaminski. Mr. Kaminski unequivocally testified that Defendant struck him in the face, knocking his glasses off, and that both Defendant and Josh Parris then began punching him. (Trial Tr., at 88-92, 94).[1] He further testified that the assault stopped momentarily, but that Defendant then struck him again with a fist to the back of his head, causing him to fall to the ground. (*Id.* at 96-97, 125-31). According to Mr. Kaminski, the punching by both men then continued until a bystander (later identified as Troy Teresak) intervened. (*Id.* at 97).

Troy Teresak also testified to seeing both men in the group throwing punches at Mr. Kaminski after he had been shoved to the ground by one of them. (Trial Tr., at 173-74). Witness Maria Alipour testified that she also observed Defendant punching Mr. Kaminski. (*Id.* at 184-85). Finally, Officer Brian Shaffer of the Patton Township Police Department testified that Defendant admitted involvement in the assault that day, and that he had expressed feeling justified because he believed Mr. Kaminski was sexually harassing Ms. Stanton with the drone. (*Id.* at 207).

Based on the verdict, it is apparent that the jury accepted the testimony of Mr. Kaminski and the third party witnesses over that of Defendant and his wife regarding his role in the altercation at Circleville Park that day. As noted above, findings of credibility and reconciling any conflicts in the evidence are functions set aside for the jury, and should not be overridden by the court. Reviewing the evidence in its entirety, as opposed to through a lens focused only on testimony by Defendant and his wife, the Court concludes that the jury's verdict was supported by the trial evidence, and that a new trial is not warranted in this case.

---

[1] All references to the transcript are to the transcript of the July 7, 2017 jury trial in this case.

4

Consistent with the foregoing, the Court enters the following Order:

## ORDER

AND NOW, this __3d__ day of January, 2018, for the reasons set forth in the accompanying Opinion, Defendant's Post-Sentence Motion is hereby DENIED.

BY THE COURT:

_____
Katherine V. Oliver, Judge