The opinion of the court was delivered by
Tilghman C. J.
This case comes before us on a writ of error to the Court of Oyer and Terminer for the county of Philadelphia. The error complained of, is that the defendant having been convicted of burglary, was sentenced to.imprisonment in the penitentiary, at hard labour, &c. for life. The attorney for the commonwealth moved this court to quash the writ of error, because the defendant had made an agreement in writing, that he would not bring a writ of error. This court will not, in general, proceed upon writs of error, contrary to the agreement of the parties. But the rule is certainly not applicable to capital, criminal cases. What consideration, can a man have received, adequate to imprisonment at hard labour for life? It is going but one step further to make an agreement to be hanged. T presume no one would be hardy enough to ask the court to enforce such an agreement; yet the principle, in both, cases, is the same. The motion to quash must therefore be rejected. But it was contended, on behalf of the commonwealth, that the judgment was good, because the defendant had been convicted of burglary once before. If this appeared on the face of the indictment, the judgment would have been good, because it is enacted by the act of the 22d of April, 1794, section 13, (3 Sm. L. 190,) ‘‘that if a man shall commit burglary a second time, and be thereof legally convicted, he shall be sentenced to undergo an imprisonment in the said jail and penitentiary house, at hard labour, during life,” &c. But it does not appear in this indictment, what judgment was given on the former indictment. It is indeed set forth, that the defendant was convicted on a former indictment, and the court gave judgment, But what that judgment was, is not said. When the law speaks of conviction, it means a judgment, and not merely overdid, which in common parlance is called a conviction. It is the opinion of the court, therefore, that it does not appear by this record that the defendant had been convicted of burglary before, and therefore the judgment of imprisonment, &c. during life, was erroneous, and should be reversed.
Judgment reversed.