**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY TAYLOR BAUGHMAN | : | |
| | : | |
| Appellant | : | No. 449 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 13, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001632-2017

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 21, 2018**

Appellant, Zachary Taylor Baughman, appeals from the judgment of sentence entered in the Court of Common Pleas of Cumberland County, which, sitting as fact finder in a non-jury trial, found Appellant guilty of summary Public Drunkenness.[1]  Sentenced to pay costs of prosecution and a $300 fine, and to undergo a three-month period of supervised probation, Appellant raises sufficiency and weight of the evidence claims against the court's verdict.  We affirm.

The trial court sets forth an apt recitation of procedural history and pertinent facts, as follows:

As the result of an incident in January of 2017, Defendant [hereinafter "Appellant"] was charged with possession of a controlled substance, an ungraded misdemeanor, and public drunkenness, a summary offense.  Ultimately, the Commonwealth

---

[1] 18 Pa.C.S. § 5505.

---

*   Former Justice specially assigned to the Superior Court.

chose to forgo prosecution of the misdemeanor charge, and a trial was held on the summary public drunkenness charge on January 5, 2018, before the [trial court].

The evidence adduced at trial may be summarized as follows. On Sunday, January 29, 2017, at around 2:00 a.m., a male patron of a bar in the Borough of Carlisle, Cumberland County, Pennsylvania, was approached inside the bar by Appellant, whom he did not know., with an offer to sell him a controlled substance known proprietarily as Xanax. Appellant had been heard to make the same offer to others "at least three times before that," according to the patron.

The patron, who had previously served as a bouncer in the bar, and whose experience included about 50 encounters with persons who were intoxicated to the extent they were a danger to themselves and others, responded "Oh, absolutely," when asked whether he had recognized anything in Appellant's demeanor that led him to believe Appellant was under the influence of alcohol or a controlled substance. He noted that Appellant was "swaying back and forth," "catching himself on the pool table," "visibly intoxicated," "not very coordinated," [ ] "slurring his speech," and displayed an emboldened and uninhibited temperament. The patron testified that, had he been on duty, he would have cut Appellant off or excluded him from the bar "well before that point."

Outside the bar, the patron alerted a Carlisle Borough Police officer who was on foot patrol in the vicinity to the presence of Appellant, who he said had been offering Xanax for sale in the bar, was drunk, and had been ejected from the bar. As the officer approached Appellant, a second bar patron relayed the same information.

Appellant's state of intoxication was "obvious" to the officer upon contact. Appellant's speech was slurred, he was excitable, his breath smelled of alcohol, he was swaying, and he "put his arms out like wings" in an exaggerated and prolonged gesture of submission to a search. Appellant said that he had been ejected from the bar, but denied having offered Xanax for sale to patrons.

By way of professional experience, the officer had encountered close to a thousand persons in the past who had been under the influence of alcohol or a controlled substance to a degree that

rendered them a danger to themselves or others. His testimony on this point with regard to Appellant's condition was as follows:

> **Q:** Okay. Based on your training and experience, did you come to a conclusion as to whether Mr. Baughman was unsafe to himself or others based on his level of intoxication?
> **A:** Yes.
>
> **Q:** And what was your conclusion?
>
> **A:** I concluded that he was incapable of making sound decisions that were going to keep himself safe and others as far as offering a Schedule IV Controlled Substance to people for sale along with possibly ingesting them himself or approaching the wrong person about such activities and getting hurt himself so that they can procure that pill without paying for it.

Appellant chose not to accept the officer's advice to leave the vicinity of the bar and he was ultimately arrested and charged with public drunkenness and possession of a controlled substance. From the judgment of sentence for public drunkenness, he has filed an appeal to the Pennsylvania Superior Court.

Trial Court Opinion, filed April 10, 2018, at 1-4. (footnotes omitted).

Appellant presents the following questions for our consideration:

> **I. WAS THE EVIDENCE PRESENTED AT TRIAL SUFFICIENT TO SUSTAIN A CONVICTION FOR PUBLIC DRUNKENNESS WHEN THE COMMONWEALTH DID NOT PROVE THAT MR. BAUGHMAN WAS INTOXICATED TO THE DEGREE REQUIRED BY SECTION 5505 SUCH THAT HE WAS A DANGER TO HIMSELF OR LIKELY TO HARM OR ANNOY ANYONE IN THE VICINITY?**
>
> **II. WAS MR. BAUGHMAN'S CONVICTION AGAINST THE WEIGHT OF EVIDENCE AS TO SHOCK ONE'S SENSE OF JUSTICE WHEN THE UNCONTRADICTED EVIDENCE PROVED HE WAS COOPERATIVE WITH POLICE, ABLE TO FOLLOW DIRECTIONS, AND NOT OTHERWISE POSING A DANGER TO HIMSELF, OTHERS, OR LIKELY**

**TO HARM OR ANNOY ANYONE IN THE VICINITY DUE TO BEING UNDER THE INFLUENCE OF ALCOHOL?**

Appellant's brief, at 5.

When evaluating a challenge to the sufficiency of the evidence:

> [W]e view the evidence in the light most favorable to the Commonwealth together with all reasonable inferences from that evidence, and determine whether the trier of fact could have found that every element of the crimes charged was established beyond a reasonable doubt.

*Commonwealth v. Walker*, 836 A.2d 999, 1000 n.3 (Pa. Super. 2003) (citations and quotation marks omitted).

Further, the Crimes Code defines the summary offense of public drunkenness as follows:

> A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance, as defined in the act of April 14, 1972 (P.L. 233, N. 64), known as the Controlled Substance, Drug Device and Cosmetic Act, except those taken pursuant to the lawful order of a practitioner, as defined in the Controlled Substance, Drug, Device, and Cosmetic Act, to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity.

18 Pa.C.S. § 5505.

To convict a person of public drunkenness, therefore, the Commonwealth need not present proof of a specific blood alcohol reading. Rather, the Commonwealth must establish intoxication to such a degree that it "rendered him a danger to himself or others, or an annoyance to those around him." *Commonwealth v. Meyer*, 431 A.2d 287, 290 (Pa. Super. 1981).

Appellant argues the Commonwealth failed to prove he was manifestly under the influence of alcohol to a degree that he annoyed persons in his vicinity or was a danger to himself or others. Specifically, he notes it "remains speculative" as to why Appellant was asked to leave the Gingerbread Man bar, and he avers that witness accusations of him offering to sell Xanax to others is irrelevant to the charge of public drunkenness. *See* Appellant's brief, at 13.

In making this argument, Appellant views the record in a light most favorable to himself in disregard of the standard of review governing sufficiency of the evidence claims. As discussed in detail by the trial court, the record reveals that Corporal Brian Shull, the arresting officer, testified he had encountered nearly one thousand intoxicated persons in his professional experience, N.T. 1/5/18, at 22-23, and he discerned that Appellant exhibited classic signs of intoxication and displayed strange, erratic behavior. N.T. at 19-20.

Corporal Shull also related he had received complaints from two patrons that Appellant tried to sell them prescription pills while in the bar. N.T. at 18-19. One of the patrons appeared at trial and testified to this effect, stating Appellant, while visibly drunk and unsteady on his feet, had approached him and three other patrons in an "emboldened" and "uninhibited" way to sell them Xanax. N.T. at 9, 12-13.

Read in a light most favorable to the Commonwealth as verdict winner, the evidence proved Appellant was intoxicated to a degree that rendered him an annoyance to those around him. The complaining patron testified that his

experience as a bouncer at the very establishment in question caused him to track Appellant's activity while inside, and he believed intoxication played a significant role in Appellant's annoying behavior. N.T. at 11. Indeed, both he and another patron were annoyed enough to complain about Appellant to the police, who were present at the scene for an unrelated reason. Based on both the patron's and Corporal Shull's respective testimonies, therefore, we conclude the evidence presented was sufficient to support Appellant's conviction for public drunkenness. *See Walker*, 836 A.2d at 1000 n.3; *Meyer*, 431 A.2d at 290.

In the alternative, Appellant argues his conviction goes against the weight of the evidence. The law pertaining to weight-of-the-evidence claims is well settled.

The weight of the evidence is a matter exclusively for the fact finder, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Forbes*, 867 A.2d 1268, 1272–1273 (Pa.Super. 2005). The grant of a new trial is not warranted because of "a mere conflict in the testimony" and must have a stronger foundation than a reassessment of the credibility of witnesses. *Commonwealth v. Bruce*, 916 A.2d 657, 665 (Pa. Super. 2007). Rather, the role of the trial judge is to determine that, notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. *Id.*

An appellate court's purview:

- 6 -

is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Knox*, 50 A.3d 732, 738 (Pa.Super. 2012) (internal citations omitted). "[T]he trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879–880 (Pa. 2008).

Sitting as finder of fact, the trial court was free to believe all, part, or none of the evidence against Appellant. The trial court weighed the evidence and concluded that Appellant was guilty of public drunkenness. As explained, we agree with the trial court's conclusion that there was sufficient evidence presented at trial to sustain the conviction of public drunkenness.

However, Appellant points to where Corporal Shull recounted how he allowed Appellant to leave the area after the initial police-citizen encounter between them because Appellant was cooperative and was not found to possess contraband on his person. N.T. at 20-21. This aspect of the corporal's testimony created a conflict in the testimony warranting the grant of a new trial, Appellant maintains, as it suggests the court failed to appreciate evidence contradicting other testimony describing the degree of Appellant's intoxication.

Appellant has engaged, again, in selecting only those portions of the evidentiary record that suit his interest to the exclusion of the remainder of

the record. At trial, Corporal Shull did, indeed, testify that under circumstances evolving at the time he initially encountered Appellant, he was forced to release Appellant because there were more pressing concerns elsewhere where his fellow officers needed assistance. N.T. at 21. Those matters resolved more quickly than anticipated, Corporal Shull explained, so when he noticed Appellant had remained at the scene, he resumed his encounter with Appellant and placed him under arrest based on his own observations and the patrons' collective complaints. *Id*.

Critically, Corporal Shull consistently testified Appellant appeared intoxicated, and despite Appellant's argument to the contrary, the court was free to find credible the corporal's explanation that he initially released Appellant in a moment of exigency. In that regard, we decline Appellant's invitation to assume the role of fact finder and reweigh the evidence. Based upon the evidence presented, the trial court's denial of Appellant's weight of the evidence motion was not an abuse of discretion. Therefore, we deem Appellant's second claim meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2018