J-S05026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN E. ROEBUCK | |
| Appellant | No. 1089 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 9, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0003307-2018

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED:  MAY 24, 2022**

Appellant Ryan E. Roebuck appeals from the June 9, 2021 judgment of sentence entered in the Court of Common Pleas of Dauphin County ("trial court"), following his jury convictions for intimidation of victim/witness, and terroristic threats.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by the trial court:

> The victim in the instant case is Appellant's uncle.  For about a year, Appellant worked as a driver for the victim's newspaper distribution business before a disagreement prompted Appellant to leave this position.  On February 23, 2018, in a case (hereinafter "the previous case") initiated prior to [this case], Appellant was charged with burglary, defiant trespass, and harassment.  The victim in the previous case was the same uncle that is the victim in the instant matter.

---

[1] 18 Pa.C.S.A. §§ 4952(a)(1), and 2706(a)(1), respectively.

At trial in the instant matter, the victim, the sole witness for the Commonwealth, testified as to the circumstances surrounding the previous case. On March 29, 2018, the victim appeared before Magisterial District Judge ("MDJ") James Lenker at a preliminary hearing in the previous case and testified against Appellant. According to the victim, Appellant appeared angry throughout the proceedings and angrily stormed out of the MDJ's office after he (Appellant) left the witness stand. At some point while the victim was still in the MDJ's office, the victim received approximately five phone calls from a number he recognized as Appellant's. The victim did not answer the first few calls, but he eventually decided to answer the phone and heard a voice that he recognized as Appellant's. [The victim testified that he was "one hundred percent sure" that the person speaking to him on the phone was Appellant and that prior to this incident, he had spoken with Appellant on the phone many times when he was employed as a driver for the victim's newspaper distributi[on] business.] Appellant speaking in an angry tone of voice, told the victim: "You're dead tonight. You're gonna die tonight. You're gonna die when I see you." [On cross-examination, the victim recounted Appellant's words as "N**, I'ma kill you tonight. I'ma get you. You gonna die tonight."] After speaking with Appellant for about ten to fifteen seconds, the victim hung up the phone, and Appellant immediately called back. The victim answered the second phone call, and Appellant again made threatening statements.

The victim continued to receive calls from Appellant throughout the day and in the days to follow, at one point sending the victim a picture of himself at a mall parking lot and telling the victim that he wanted to fight him at the mall parking lot. Immediately after leaving the MDJ Lenker's office on the day of the preliminary hearing in the previous case, the victim went to the Susquehanna Township Police Department and filed charges against Appellant in connection with this incident.

Following the testimony of the victim on behalf of the Commonwealth, Appellant chose to testify on his own behalf. Appellant conceded that he attended a preliminary hearing on March 29, 2019, and he conceded that the victim testified against him at the hearing. Appellant, however, denied he called the victim after the preliminary hearing, and he denied threatening him in any way. Appellant also denied sending the victim a picture of a mall parking lot and asking him there to

fight him. Appellant further testified that he did not have the victim's phone number at the time of the alleged offenses.

Trial Court Opinion, 9/29/21, at 2-3 (record citations and footnotes omitted). A jury eventually convicted Appellant of intimidation of victim/witness, and terroristic threats. On June 9, 2021, the trial court sentenced Appellant to an aggregate term of 30 months' probation. On June 14, 2021, Appellant filed post-sentence motions, which the trial court denied on July 30, 2021. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues only that the trial court "erred in accepting the jury's verdict which was contrary to the evidence presented at trial, specifically the victim's inconsistent statements." Appellant's Brief at 4 (unnecessary capitalizations omitted).

Our standard of review relating to claims implicating weight of the evidence is as follows:

On this issue, our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Habay***, 934 A.2d 732, 736-37 (Pa. Super. 2007) (internal citations omitted), ***appeal denied***, 954 A.2d 575 (Pa. 2008). "[A]

trial court's denial of a post-sentence motion 'based on a weight of the evidence claim is the least assailable of its rulings.'" ***Commonwealth v. Sanders***, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting ***Commonwealth v. Diggs***, 949 A.2d 873, 880 (Pa. 2008)).

Here, distilled to its essence, Appellant attacks the jury's weight and credibility determination and invites us to accept his version of events. We, however, decline the invitation. It is settled that we may not substitute our judgment for that of the factfinder—whether a jury or the trial court— because it is the province of the factfinder to assess the credibility of the witnesses and evidence. ***See Commonwealth v. DeJesus***, 860 A.2d 102, 107 (Pa. 2004); ***Commonwealth v. Johnson***, 668 A.2d 97, 101 (Pa. 1995) ("an appellate court is barred from substituting its judgment for that of the finder of fact."); ***Commonwealth v. Forbes***, 867 A.2d 1268, 1273 (Pa. Super. 2005) (stating that "[t]he weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that for the finder of fact.").

Moreover, as the trial court pointedly explained:

The only two witnesses to testify at the trial were the victim and Appellant, and the testimony of each was diametrically opposed. The victim testified in detail about the multitude of threatening phone calls and messages he received from Appellant after the victim's testimony against Appellant at a preliminary hearing, and the victim recounted the specific timeframe and circumstances under which the calls occurred. Appellant, on the other hand, categorically denied that he had ever threatened the victim in any way and stated that he did not have access to the

- 4 -

victim's telephone number at the time of the alleged incidents. As is usual, the jury was required to make a credibility determination, and they evidently found the victim's detailed testimony to be more credible than the blanket denials of Appellant. We do not believe the jury's credibility determination was unreasonable or contrary to the evidence. To the extent there were any discrepancies in the victim's testimony regarding the events that occurred more than two years prior to trial, we cannot agree with Appellant's contention that these discrepancies were of such moment that they would impact the jury's ability to rely upon the victim's testimony to return a true verdict. In short, there was nothing about the verdict in this case that was shocking or which, even momentarily, took our breath away. To the contrary, had we been the thirteenth jury, we would have agreed with the other twelve. Consequently, we denied Appellant's post sentence motion for a new trial.

Trial Court Opinion, 9/29/21, at 4-5 (sic). Accordingly, because we conclude the trial court did not abuse its discretion in determining that the verdict was not against the weight of the evidence, we conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/24/2022