J-S23015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLEY SANDS | |
| Appellant | No. 1453 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 21, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000015-2020

BEFORE:  STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 17, 2022**

Appellant Ashley Sands appeals from the July 21, 2021 judgment of sentence entered in the Court of Common Pleas of Luzerne County ("trial court"), following her jury conviction for access device fraud under Section 4106(a)(1)(ii) of the Crimes Code, 18 Pa.C.S.A. § 4106(a)(1)(ii).  Upon review, we affirm.

On February 21, 2019, Appellant was charged with, *inter alia*, the foregoing crime.[1]  The affidavit of probable cause accompanying the complaint alleged:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Following a preliminary hearing, the charges for criminal use of communication facility (18 Pa.C.S.A. § 7512(a)), theft by unlawful taking—movable property (18 Pa.C.S.A. § 3921(a)), and receiving stolen property (18 Pa.C.S.A. § 3925(a)) were dismissed and thus not held for trial.

On 08/01/2018[,[2] Patrolman John H. Urbnski] of the West Pittston Police Department met with Felicia Kudrako [("Victim")]. [Victim] is a resident of West Pittston. [Victim] called to report that her bank account had been compromised.

[Victim] informed [Officer Urbnski] that her debit card had been missing and that she received charges totaling $1,204.29 including late fees that she disputed. She informed [Officer Urbnski] that she believed that her son Matthew Milne and his girlfriend, [Appellant], were behind this. She informed [Officer Urbnski] that they were at her house and asked for money. [Victim] stated that they told her that they were going to take their family to Knobels Amusement Park. [Victim] stated that both of them would know the pin number because she has never changed it in the past and that she told them the pin when she did authorize its use.

[Officer Urbnski] received paperwork from M&T Bank Account Number Last four 5911. This account is under [the name of Victim] and Mark Nice. The bank paperwork states the total amount of losses throughout the dates of 08/10/2018-08/23/2018.

[Officer Urbnski] spoke with bank representatives and they provided [him] with a photograph of an unknown individual who used the account for an ATM withdrawal on 08/24/2018. [Officer Urbnski] spoke with [Victim] and showed her the photo. [Victim] was able to identify the person in the photograph as [Appellant]. [Victim] stated again that [Appellant] was not authorized to use the account.

Affidavit of Probable Cause, 2/21/19. The case proceeded to a jury trial on the sole charge of access device fraud under Section 4106(a). A person commits an offense under Section 4106(a)(1)ii), if he or she uses an access device to obtain, or in an attempt to obtain, property or services with

---

[2] At trial, Officer Urbnski testified that the date on the first line of the affidavit of probable cause should have been September 1, 2018, not August 1, 2018. According to Officer Urbnksi, the reference to August 1, 2018 was a typographical error. N.T. Trial, 5/25/21, at 86, 89-90.

knowledge that the access device was issued to another person who has not authorized its use. ***See*** 18 Pa.C.S.A. § 4106(a)(1)(ii). Access device is defined as:

> Any card, including, but not limited to, a credit card, debit card and automated teller machine card, plate, code, account number, personal identification number or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services or anything else of value or that can be used to transfer funds.

18 Pa.C.S.A. 4106(d). The trial court explained,

> [h]ere, the record reflects that Victim contacted her bank after receiving an "insufficient funds" notice. Based on her contact with the bank, Victim identified several ATM transactions that she did not make. Victim had not authorized anyone else to use her ATM card. The police were notified, and, as part of their investigation, obtained video surveillance from the bank showing a person using Victim's ATM card during the time period the transactions in question were made. Victim identified the person in the video as her son's girlfriend, [Appellant]. Victim had not given [Appellant] permission to use her ATM card.

Trial Court Opinion, 1/22/22, at 3 (record citations omitted). Thus, based on the evidence adduced at trial, as summarized above by the trial court, on May 26, 2021, the jury found Appellant guilty of access device fraud. On July 21, 2021, the trial court sentenced Appellant to intermediate punishment/restrictive probation for a period of 18 months, with the first two months to be served under house arrest with electronic monitoring. Separately, the trial court ordered Appellant to pay $1,277.50 in restitution to Victim. On July 30, 2021, Appellant filed post-sentence motions, challenging, among other things, the weight of the evidence. On October 19, 2021, the

trial court denied the post-sentence motions. Appellant timely appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising two assertions of error. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents a single issue for our review.

> [I.] Did the Commonwealth establish, beyond a reasonable doubt, that Appellant was the perpetrator or committed the offense of access device fraud under [Section 4106(a)(1)(ii)]?

Appellant's Brief at 2.[3] Essentially, Appellant challenges her identification as the perpetrator. In this regard, she contends that Victim's trial testimony was inconsistent and incredible for purposes of identifying Appellant. *Id.* at 16. We treat this contention as challenging the weight and credibility determination of the fact-finder.

As we have explained:

> On this issue, our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

---

[3] Although she couched her claim as one implicating the sufficiency of the evidence, Appellant does not identify any element of the crime upon which the Commonwealth's evidence was insufficient.

- 4 -

*Commonwealth v. Habay*, 934 A.2d 732, 736-37 (Pa. Super. 2007) (internal citations omitted), *appeal denied*, 954 A.2d 575 (Pa. 2008). "[A] trial court's denial of a post-sentence motion 'based on a weight of the evidence claim is the least assailable of its rulings.'" *Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008)).

Instantly, Appellant essentially attacks the jury's weight and credibility determinations, and invites us to accept her version of events. We decline the invitation. It is settled that we may not substitute our judgment for that of the factfinder—whether a jury or the trial court—because it is the province of the factfinder to assess the credibility of the witnesses and evidence. *See Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004); *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995) ("an appellate court is barred from substituting its judgment for that of the finder of fact."); *Commonwealth v. Forbes*, 867 A.2d 1268, 1273 (Pa. Super. 2005) (stating that "[t]he weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that for the finder of fact."). As the jury was free to believe all, part or none of the Commonwealth's evidence, Appellant's claim lacks merit. Accordingly, Appellant's weight claim that Victim's trial testimony was unreliable and incredible fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/17/2022</u>