J-S06014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIMITRIUS C MILES | : | |
| | : | |
| Appellant | : | No. 862 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 16, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001756-2020

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED: May 19, 2026**

Dimitrius Miles appeals from the judgment of sentence imposed after a jury found him guilty of multiple offenses arising out of a physical confrontation with neighbors.  He claims that the trial court erred when it failed to instruct the jury on self-defense.  Upon review, we find Miles waived his issue and affirm.

The trial court set forth the facts as follows:

Miles [] was a resident of the Eleventh Street Towers (the "Towers") located in the City of Altoona, Blair County. Daniel Osborn ("Mr. Osborn") was also living with his girlfriend, Sonia Pike ("Ms. Pike"), in one of the apartments at the Towers.  [Miles], Mr. Osborn and Ms. Pike knew of each other but were not friends. On June 18, 2020, Mr. Osborn walked out of his apartment to smoke a cigarette and chat with his friend, Mr. [Jeffrey] Plowman. Ms. Pike joined them.  While Mr. Osborn was walking towards the common area to sit with Mr. Plowman, he heard something said but did not realize it was said by [Miles].  Shortly after, [Miles]

---

[*] Former Justice specially assigned to the Superior Court.

attacked Mr. Osborn, threw him off the bench where he was sitting, and pinned Mr. Osborn [on] his chest with both legs. Ms. Pike, kicked [Miles] in the hip in an attempt to remove him from Mr. Osborn's chest. [Miles] stood up, and Ms. Pike backed up due to his size. [Miles] pushed Ms. Pike with both hands in her chest, and she landed on the ground, breaking her left wrist.

The incident was reported to Altoona Police Department. Officer Joshua Wilson ("Officer Wilson") observed both Mr. Osborn bleeding from scratches and bruises and Ms. Pike complaining of pain with both wrists swollen. Officer Wilson summoned EMS, and they took Ms. Pike to the hospital. She was later required to undergo surgery for her left wrist, which only had 20% mobility at the time of trial. Miles was charged with simple assault (M2) 18 Pa.C.S.A. § 2702A, disorderly conduct (M3) 18 Pa.C.S.A. § 5503(a)(4) and two counts of harassment (S) 18 Pa. C.S.A. §2709(a).

Trial Court Opinion, 8/27/25, at 2 (excessive capitalization and footnotes omitted).

A jury trial was held on October 18, 2022. At the close of the Commonwealth's case, Miles requested a self-defense jury instruction. The trial court deferred its ruling until Miles testified. Following Miles' testimony, the court rejected his request to give the self-defense instruction. Miles' counsel did not object. The jury convicted Miles of simple assault (as to Ms. Pike's injury) and disorderly conduct; the trial court found Miles guilty of both counts of harassment.

On December 16, 2022, the trial court sentenced Miles to 1 to 2 years' incarceration followed by 1 year probation. Miles filed a post-sentence motion, which was denied by operation of law effective April 26, 2023. One day prior to this, Miles filed a *pro se* motion seeking the restoration of appeal rights.

On May 19, 2023, the court held a hearing on Miles' motion, at which time, the court addressed the procedural posture of the case, noted that Miles' request was premature, and directed counsel to file a notice of appeal. Miles filed a timely appeal, but this Court dismissed it for failure to file a brief.

On June 24, 2024, following an amended petition pursuant to the Post Conviction Relief Act[1] ("PCRA"), the court reinstated Miles' direct appeal rights. New counsel then filed this timely appeal. Miles and the trial court complied with Appellate Rule 1925.

Miles raises one issue for our review: Whether the trial court erred in failing to grant his request to instruct the jury on self-defense given the facts of the case? Miles' Brief at 4.

We observe, however, as the trial court did, that Miles waived this claim because he failed to object timely to the charge given. "No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C). If no such objection is made to preserve a challenge to a particular jury instruction, it is waived. *See Commonwealth v. Forbes*, 867 A.2d 1268, 1274 (Pa. Super. 2005) (citation omitted); *see also Commonwealth v. Pressley*, 887 A.2d 220, 224 (Pa. 2005) ("The pertinent rules [of Criminal Procedure] . . . require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue

---

[1] 42 Pa.C.S.A. §§ 9541-46.

involving a jury instruction.). "[T]he mere submission and subsequent denial of proposed points for charge that are . . . omitted from the instructions actually given will not suffice to preserve an issue . . . ." **Pressley**, 887 A.2d at 225.

Here, Miles requested a self-defense instruction at the close of the Commonwealth's case, which the trial court initially considered. However, when Miles testified, he denied being the perpetrator. Consequently, the court found Miles did not present the issue of self-defense and denied Miles' request for a jury instruction. Miles' counsel did not object, and, therefore, did not preserve Miles' challenge to the court's jury instructions. Accordingly, Miles waived his sole issue on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/19/2026