J-S31015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAHEEM HALL | |
| Appellant | No. 437 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005522-2017

BEFORE:  STABILE, KING, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JANUARY 18, 2022**

Appellant Raheem Hall appeals from the March 12, 2018 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following the *nunc pro tunc* reinstatement of his direct appeal rights. After careful review, we affirm.

The facts of this case are undisputed.  Following a traffic stop, Appellant was arrested and charged with multiple counts of violations of the Uniform Firearms Act, providing false identification to law enforcement, driving with a suspended license, and possession of a small amount of marijuana.[1]  Appellant filed an omnibus pretrial motion, which sought to exclude all contraband confiscated from him during the stop.  On January 3, 2018, the trial court held

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 6106, 6108, and 4914;75 Pa.C.S.A. § 1543; and 35 P.S. § 780-113(a)(31), respectively.

a hearing at which only the Commonwealth presented witness testimony. The

Commonwealth called to the stand Officer Timothy Stephan, whose testimony

the trial court summarized as follows:

> At or around 6:50 P.M. on June 12, 2017, Philadelphia Police Officer Timothy Stephan, an 11 (eleven) year veteran of the department with over 10,000 (ten thousand) vehicles stops in his experience was on patrol with his partner Philadelphia Police Officer Mooney. That evening, Appellant was seen operating a Ford Fusion with Pennsylvania license plate KDN 9971. There was also a passenger in the vehicle.

> During their patrol, while driving eastbound on Cumberland Street, they encountered the Appellant's black car. Officer Mooney ran the license plate through the DMV database, and it registered to a Pontiac. Right after, Appellant failed to signal while making a right hand turn on to 15th Street. The police officers pulled over Appellant. Officer Stephan approached the driver's side of the car and immediately smelled the odor of fresh marijuana. Officer Stephan asked Appellant for his license, registration, and proof of insurance. Appellant told him that he did not have a license. Appellant then provided the name Rasool Hall and a birth date but was unable to provide any identification with that name, nor was he able to provide any documentation for the car, stating that he just purchased the vehicle with his wife.

> At this point, Officer Stephan asked Appellant to step out of the car and placed him in the back of their patrol unit. During this interaction, Officer Mooney was with the passenger. Officer Stephan returned to the car and noticed in the console where there would normally be air-conditioner knobs, was only a void. Upon shining his light into this voided space, he saw, in plain view, the back of a gun. When he reached into the car to recover the gun, he discovered a gray plastic bag from Family Dollar which contained six yellow tinted plastic jars of marijuana. Upon finding the gun and marijuana, Officer Stephan went to the rear of the patrol car where Appellant told him "That's mine and so is the weed. Don't lock the passenger up. He had nothing to do with it." Appellant was unable to produce a license to carry. It was also determined that Appellant's name was Raheem Hall, not Rasool, and that he had an outstanding warrant.

- 2 -

Trial Court Opinion, 1/19/20, at 2-3 (record citations omitted). As stated, Appellant did not testify or present any evidence at the hearing. The trial court denied the motion. On the same day, shortly after the hearing on the suppression motion, Appellant elected[2] to proceed to a stipulated non-jury trial. After hearing the parties' arguments, the trial court found Appellant guilty of all charges. N.T., Hearing, 1/3/18, at 86. On March 12, 2018, the trial court sentenced Appellant to an aggregate sentence of 4 to 8 years' incarceration.

Appellant filed post-sentence motions on March 20, 2018, which were deemed denied by operation of law on July 18, 2018. Appellant did not file a direct appeal. On January 16, 2019, Appellant *pro se* filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, asserting ineffective assistance of counsel for failing to file a direct appeal and requesting *nunc pro tunc* reinstatement of his direct appeal rights. The PCRA court appointed counsel. The Commonwealth did not oppose the reinstatement of Appellant's appeal rights. On January 13, 2020, the PCRA court granted Appellant's petition, reinstating *nunc pro tunc* his direct appeal rights. On January 23, 2020, Appellant filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues only that the trial court erred and abused its discretion "by denying Appellant's [m]otion to [s]uppress and allow[ing] a

---

[2] The trial court colloquied Appellant on the record regarding his decision to waive his right to a jury trial. N.T., Hearing, 1/3/18, at 70-75.

verdict to stand which was against the weight of the evidence and lacked sufficient evidence[.]"[3]  Appellant's Brief at 2.

In reviewing appeals from an order denying suppression, our standard of review is limited to determining

> whether [the trial court's] factual findings are supported by the record and whether [its] legal conclusions drawn from those facts are correct.  When reviewing the rulings of a [trial] court, the appellate court considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.  When the record supports the findings of the [trial] court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

_____

[3] As the Commonwealth aptly points out, while he "makes a passing reference to sufficiency and weight of the evidence, Appellant failed to brief those claims" in the argument section of his brief.  Commonwealth's Brief at 4 n.1.  As a result, he abandoned any weight or sufficiency arguments—we cannot meaningfully review them.  *See* Pa.R.A.P. 2119(a) (stating that the argument section of the parties' briefs "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctly displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009), ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted), **cert. denied**, 562 U.S. 906 (2010); **see also Commonwealth v. Murchinson**, 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant case law and to the record to support his claims); **Commonwealth v. Heilman**, 867 A.2d 542, 546 (Pa. Super. 2005) (recognizing that failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver); **Commonwealth v. Cornelius**, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument).

*Commonwealth v. Griffin*, 116 A.3d 1139, 1142 (Pa. Super. 2015). Our scope of review is limited to the evidence presented at the suppression hearing. *In re interests of L.J.*, 79 A.3d 1073, 1088-89 (Pa. 2013).

Distilled to its essence, Appellant argues only[4] that the trial court abused its discretion in denying his suppression motion because Officer Stephan's testimony, contrary to the trial court's determination,[5] was seemingly incredible and inconsistent. In this regard, Appellant invites us to accept his proffered version of the events. We decline the invitation. It is settled that we may not substitute our judgment for that of the factfinder—whether a jury or the trial court—because it is the province of the factfinder to assess the credibility of the witnesses and evidence. *See Commonwealth v. Luczki*, 212 A.3d 530, 542 (Pa. Super. 2019) (citation omitted) ("[I]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony."); *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995) ("an appellate court is barred from substituting its judgment for that of the finder of fact."); *Commonwealth v. Forbes*, 867 A.2d 1268, 1273 (Pa. Super. 2005) (stating that "[t]he weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses.

---

[4] Appellant does not challenge the underlying traffic stop. *See* N.T., Hearing, 1/3/18, at 57, 69 ("[W]e're not challenging the stop of this vehicle.").

[5] The trial court found Officer Stephan's testimony to be credible. *Id.* at 69 ("The [c]ourt finds the officer's testimony to be credible and consistent.").

An appellate court cannot substitute its judgment for that for the finder of fact."). Because Appellant's sole claim before us challenges only the trial court's weight and credibility determinations with respect to Officer Stephan's testimony, we conclude that Appellant is not entitled to relief.[6] Accordingly, the trial court did not err or abuse its discretion in denying Appellant's suppression motion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2022

---

[6] To the extent Appellant relies on *Arizona v. Hicks*, 480 U.S. 321 (1987), we agree with the Commonwealth that such reliance is waived. Commonwealth's Brief at 14. Appellant failed to raise *Hicks*—much less cite it—at any point before the trial court. *See* 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").