**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAR LEACH | : | |
| | : | |
| Appellant | : | No. 2297 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0007041-2021

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 30, 2023**

Appellant Jamar Leach appeals from the September 2, 2022 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following his bench conviction for possession with intent to deliver ("PWID") a controlled substance (marijuana) and possession of a controlled substance (marijuana).[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  In connection with illicit drug activity, Appellant was charged with, *inter alia*, the foregoing crimes.[2]  The case ultimately proceeded to a non-jury trial, at which both parties presented testimony.  The Commonwealth presented the

---

[1] 35 P.S. § 780-113(a)(30) and (16).

[2] Although Appellant also was charged with resisting arrest (18 Pa.C.S.A. § 5104) and aggravated assault—attempts to cause or causes bodily injury to designated individuals (18 Pa.C.S.A. § 2702(a)(3)), the Commonwealth *nolle prossed* these two counts prior to trial.  ***See*** N.T., Trial, 9/2/22, at 14.

testimony of Philadelphia Police Officer Matthew Preston. Appellant and his fiancé, Jalisa Haines, testified for the defense. The court summarized the trial as follows:

> On March 6, 2021, at approximately 9:45 am, Officer Preston began surveilling the area of 1500 Pratt Street for illegal drug activity. At approximately 10:22 am, Officer Preston observed what he described as an illegal drug transaction. Officer Preston stated that a black male, wearing a blue jacket and tan pants (hereinafter "Buyer #1"), approached Appellant. Appellant handed a small packet to Buyer #1. Buyer #1 opened the packet, smelled its contents, and then handed an undetermined amount of money to Appellant. Officer Preston then asked backup officers to stop Buyer #1. Officer Tillman stopped Buyer #1 on the 5200 block of North Penn Street and recovered from him one (1) Ziplock packet labeled "gas house," which contained marijuana.
>
> At approximately 10:30 am, a black male, wearing a black and gray sweatshirt (hereinafter "Buyer #2"), approached Appellant, who was standing in the doorway of a business located at 1538 Pratt Street. According to Officer Preston, the two men engaged in a brief conversation. Buyer #2 then handed money to Appellant in exchange for a small packet. After this transaction, Buyer #2 got into a red Kia and drove away. Officer Preston asked backup officers to stop Buyer #2. Backup officers stopped Buyer #2 at 5700 Frankford Avenue. From Buyer #2, uniformed officers recovered a Ziplock packet labeled "gas house," which contained marijuana.
>
> [The parties stipulated to the seizure analysis and the fact that the green leafy substance inside each Ziplock recovered from the first two buyers was in fact marijuana.]
>
> A few minutes later, Officer Preston observed a third drug transaction. He testified that a white male, wearing a jacket with a fur collar (hereinafter "Buyer #3"), approached Appellant, who was still in the doorway of 1538 Pratte Street. Appellant and Buyer #3 had a brief conversation after which Appellant handed Buyer #3 a small packet in exchange for money. Buyer #3 was stopped by police near 5200 N. Penn Street. From Buyer #3, police recovered a single Suboxone packet, which Officer Preston believed was blue and white in color.

[At trial, the Commonwealth predicated the PWID and simple possession charges only upon marijuana, and not any other illicit substances, such as Suboxone, recovered on the March 6, 2021.]

Officer Preston thereafter instructed police to arrest Appellant. Appellant was inside a check cashing store when officers approached him. Officer Baha went inside the store to arrest Appellant. Officer Mullen and Lieutenant Bennet followed. Just as Officer Mullen opened the door, Appellant burst through the entrance thereby knocking Officer Mullen to the ground. Lieutenant Bennet was directly behind Officer Mullen. He grabbed Appellant and subdued him. Recovered from Appellant were 13 Ziplock packets-identical to those sold to Buyer #1 and Buyer #2 along with 27 Suboxone packets and $1,390. [While Buyer #3 was arrested, Buyer #1 and Buyer #2 were not arrested, but rather issued summary citations for possessing a small amount of marijuana. According to Officer Preston, there were approximately "16 exhibits of marijuana for a grand total of approximately two to three grams." N.T., Trial, 9/2/22, at 30.]

For the defense, Ms. Haines, Appellant's fiancé, testified that she gave Appellant approximately $1,380 toward rent. Appellant claimed he went inside the check cashing store to get a money order to make the rental payment. Appellant denied selling drugs to anyone on the date of his arrest. Alternatively, he stated on direct examination that he had a prescription for the Suboxone and that he merely gave a packet of marijuana to a friend, reiterating that he did not sell the marijuana.

Trial Court Opinion, 10/24/22, at 2-3 (record citations and footnotes omitted).

Following the bench trial, on September 2, 2022, the trial court found Appellant guilty of PWID and possession of a controlled substance. On that same day, the trial court sentenced Appellant to two years' probation for PWID. The court did not impose a penalty for the possession conviction. Appellant did not file any post-sentence motions. He timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, challenging only the sufficiency

of the evidence underlying his convictions for PWID and possession of a controlled substance. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents a single issue for our review.

[I.] Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all elements of [PWID], in violation of 35 [P.S.] § 780-113 [(a)(30)], beyond a reasonable doubt[.]

Appellant's Brief at 6.[3] In support of his claim, Appellant points out that because he possessed less than 30 grams of marijuana,[4] he should have been convicted of possession of a small amount of marijuana for personal use under 35 P.S. § 780-113(a)(31) instead of PWID.

A claim challenging the sufficiency of the evidence is a question of law."

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and

_____

[3] Conceding his guilt, Appellant withdraws his claim that the evidence was insufficient to support his conviction for possession of a controlled substance. ***See*** Appellant's Brief at 11, 15.

[4] The Commonwealth does not dispute Appellant's contention that less than 30 grams of marijuana were at issue here. ***See*** Commonwealth's Brief at 7 (noting that the amount of marijuana here "was under 30 grams").

- 4 -

inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

Section 780-113 of the Controlled Substance, Drug, Device and Cosmetic Act provides in pertinent part:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . .

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; **(ii) the possession of a small amount of marihuana with the intent to distribute it <u>but not to sell it</u>**; or (iii) the distribution of a small amount of marihuana but not for sale.

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

35 P.S. § 780-113(a)(30), (31) (emphasis added).

Based on our review of the record, as detailed above, we agree with the trial court's conclusion that, viewed in a light most favorable to the Commonwealth, the evidence establishes that the Commonwealth proved beyond a reasonable doubt that Appellant was guilty of PWID. As the trial court reasoned:

> In the instant case, the Commonwealth offered credible evidence that Appellant not only possessed marijuana but had the requisite intent to deliver, distribute and/or sell it to others. Officer Preston observed two hand-to-hand transactions where Appellant gave a packet of marijuana to separate individuals in exchange for money. Shortly after the observed transactions each buyer was stopped and recovered were packets of marijuana which were consistent in content and appearance with those recovered from Appellant following his arrest.
>
> Appellant's own testimony supports his conviction for PWID. Appellant testified that he did not possess a valid medical marijuana card. Moreover, Appellant testified that while he did not "sell" marijuana—a claim this court did not believe—he admitted to sharing the illegally possessed drugs with another person.

Trial Court Opinion, 10/24/22, at 6. The record is clear that Appellant lacked legal authority to sell marijuana. Although the amount of marijuana here was less than 30 grams, the record supports the trial court's finding that Appellant sold marijuana for money to two separate buyers on March 6, 2021.[5] Because

---

[5] We are bound by the trial court's weight and credibility determinations, and we may not substitute our judgment for that of the factfinder. **See Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa. 2004); **Commonwealth v. Johnson**, 668 A.2d 97, 101 (Pa. 1995) ("an appellate
*(Footnote Continued Next Page)*

Appellant sold marijuana, the Commonwealth duly charged him with, and secured his conviction for, PWID under subsection (a)(30), rather than possession of a small amount of marijuana for personal use under subsection (a)(31). Indeed, given the circumstances of this case, subsection (a)(31) is inapplicable, as it does not contemplate sale of marijuana. Accordingly, we agree with the trial court's conclusion that, viewed in a light most favorable to the Commonwealth, the evidence establishes that the Commonwealth proved beyond a reasonable doubt that Appellant committed PWID. Appellant obtains no relief.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2023

---

court is barred from substituting its judgment for that of the finder of fact."); **_Commonwealth v. Forbes_**, 867 A.2d 1268, 1273 (Pa. Super. 2005) (stating that "[t]he weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that for the finder of fact.").