J-S20044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELEANOR TOMPKINS | : | |
| | : | |
| Appellant | : | No. 1191 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 24, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000477-2022

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: JULY 19, 2024**

Appellant, Eleanor Tompkins, appeals from the judgment of sentence entered on June 24, 2023, in the Court of Common Pleas of Luzerne County, after she was convicted of delivering a controlled substance; cocaine on September 28, 2021, and fentanyl on October 19, 2021. After review, we affirm.

The relevant facts and procedural history are as follows: In 2021, the Pennsylvania State Police and the Pittston City Police Department were conducting drug trafficking investigations into a man named Anthony Nieves, known as "Lite," in Luzerne County, Pennsylvania. N.T. at 49. A confidential informant was referred to Officer Ryan Kachinsky of the Pittston City Police

---

[*] Former Justice specially assigned to the Superior Court.

Department because it was believed that she knew someone who purchases drugs from Lite. N.T. at 50.

Appellant and the informant had been on-again-off-again friends for ten years, having been introduced through a mutual friend. N.T. at 27-28. After not talking for six to eight months, the informant and Appellant ran into each other at a convenience store during 2020 or 2021. *Id*. After that meeting, they spoke frequently on the phone, did favors for each other, and visited one another. N.T. at 29. Their friendship continued in this way until Appellant began using drugs again. N.T. at 45.

The confidential informant, who testified at trial, has been assisting law enforcement agencies in drug trafficking investigations for twenty years. N.T. at 36. The informant provided Appellant's name, among names of associates of Lite, to Officer Kachinsky. N.T. at 44. On two separate occasions thereafter, the informant and Officer Kachinsky planned to conduct controlled purchases of drugs from Lite through Appellant. On September 28, 2021, Appellant and the informant went together to purchase cocaine from Lite. N.T. at 22, 73. On October 19, 2021, Appellant and the informant again met with Lite, this time to purchase heroin and fentanyl. N.T. at 23, 82.

Appellant faced a jury trial for drug trafficking offenses for each instance. During an on-the-record charge conference, Appellant's trial counsel proposed an entrapment instruction. The trial court determined that there was insufficient evidence to support an entrapment charge. Appellant's trial counsel did not object. Appellant was ultimately convicted of two counts of

delivery of a controlled substance. N.T. at 129. She was sentenced to 39-78 months' incarceration. No post-sentence motions were filed, but on August 22, 2023, Appellant filed a notice of appeal. Appellant filed a Rule 1925(b) statement, and the trial court filed a 1925(a) opinion. This appeal followed.

Appellant raises two related issues for our review:

1. Did trial counsel properly preserve the challenge to the trial court's refusal to give an entrapment instruction for appeal?
2. Did the trial court err in failing to give an entrapment instruction as requested by Appellant's trial counsel?

Appellant's Br. at 3.

Appellant's first issue is one of preservation. Both the trial court and Commonwealth assert that Appellant did not preserve the challenge to the trial court's refusal to provide an entrapment instruction. *See* Tr. Ct. Op. at 5-6; *See* Appellee's Br. at 7-11.

Our rules of appellate procedure provide that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). To preserve a challenge to the adequacy or omission of a particular jury instruction, the defendant must make a specific and timely objection to the instruction at trial before the jury deliberates. *See* *Commonwealth v. Smith*, 206 A.3d 551, 564 (Pa. Super. 2019); *see also* Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific

objections are made thereto before the jury retires to deliberate."). A specific and timely objection must be made to preserve a challenge to a particular jury instruction; failure to do so results in waiver*. See Commonwealth v. Forbes*, 867 A.2d 1268, 1274 (Pa. Super. 2005).

Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary. *See Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010); *see also Commonwealth v. Smallhoover*, 567 A.2d 1055, 1059 (1989) (holding claim of erroneous charge waived where appellant responded negatively when "the court inquired whether counsel had any additions or corrections to the charge").

Here, Appellant's trial counsel submitted proposed jury instructions for an entrapment defense. After a brief argument from each attorney, the trial court decided the record did not support an entrapment charge and declined to provide that charge to the jury. N.T. at 87-90. Appellant's defense counsel did not object. *See id*. When it came time for jury instructions, there was no objection or correction made to the jury charge. *See* N.T. at 121. Further, the defense responded in the negative on the record when the trial court asked if either side wished to address the court after the jury charge. *See id*.

The trial court cites *Commonwealth v. Pressley*, 887 A.2d 220 (Pa. 2005), to conclude that Appellant waived this claim. Specifically, the trial court states,

[O]ur Supreme Court in **Commonwealth v. Pressley**, 887 A.2d 220, 225 (Pa. 2005), held that "the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points."

In this case, when the court inquired of counsel whether there were any special requests with respect to the charge, defense counsel stated, "I would ask that the court consider giving an entrapment instruction." N.T. Jury Trial, 5/17/2023, at 87. Defense counsel presented a proposed charge to the court and the Assistant District Attorney (ADA). Argument was held on the issue with the ADA objecting to the applicability of the entrapment charge. **Id.** at 88-89. After the court stated that it found the record insufficient to support the requested instruction, defense counsel stated, "[y]es Your Honor, I understand." **Id.** at 90. No exception or objection was made at that time. More importantly, when the court concluded the final charge to the jury before sending them out to deliberate, it asked, "[a]nything from counsel relative to the charge?" **Id.** at 121. Both defense counsel and the ADA responded in the negative. **Id.**

Tr. Ct. Op. at 5-6.

Appellant argues that this case is like **Commonwealth v. Green**, 273 A.3d 1080 (Pa. Super. 2022), which found **Pressley** distinguishable. Appellant's Br. at 12-13. In that case we stated,

Under the circumstances, while renewing his objections to the twice-rejected points for charge at the end of the jury charge would have eliminated the need for this Court to address the claim of waiver, we do not find that preserving his objections on the record during the charging conferences, rather than at the end of the jury charge, where the trial court expressly informs counsel his objections were preserved, runs afoul of **Pressley** or Rule 647(B). Therefore, we decline to find Appellant's issues waived.

**Green**, 273 A.3d at 1084.

Appellant argues that the trial court stated, "but certainly you've made your record" which indicated to trial counsel that he had preserved the issue for appeal. Appellant's Br. at 11 (citing N.T. at 89). Initially, a review of the transcript does not make it clear to whom the trial judge was speaking, especially since the assistant district attorney had spoken last. *See* N.T. at 89. Additionally, unlike in *Green*, the trial court did not "expressly inform[] counsel his objections were preserved[.]" *Green*, 273 A.3d at 1084. We find *Pressley* to govern this matter as this circumstance is more analogous to "the mere submission and subsequent denial of proposed points for charge." *Pressley*, 887 A.2d at 225. Here, Appellant's trial counsel did not object at any time on the record regarding this instruction. Moreover, this issue was not included in a post-sentence motion. After review of the foregoing, we conclude that Appellant waived this issue. Trial counsel had an opportunity to raise his objection before the jury deliberated but he did not. Accordingly, Appellant's challenge to the jury instruction is waived.[1] *See Moury*, 992 A.2d at 178.

---

[1] We note that although the trial court's opinion concluded that the issue is waived, it nonetheless provided a well-reasoned analysis on the merits of the entrapment instruction issue. See Tr. Ct. Op. 6-10. The trial court provided a "stark contrast" between the record in this case and in other cases where an entrapment instruction should have been given, particularly the lack of persistence, repeated urging, or false pretenses on the part of the confidential informant. Appellant's trial counsel also would not have been successful in procuring an entrapment instruction because generally, the defendant has the burden of proof to prove entrapment by a preponderance of the evidence through operative facts. Tr. Ct. Op. at 8 (citing *Commonwealth v. Marion*, 981 A.2d 230, 239-40 (Pa. Super. 2009)). Here, the defense presented no evidence or testimony, a strategy that was his right to employ. However, the
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/19/2024

---

burden of proof was not met, and we discern no abuse of discretion in the trial court's determination that the confidential informant's conduct was not so outrageous as to be entrapment as a matter of law.